UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y
★ NOV 30 2010 ★
BROOKLYN OFFICE

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br>vs.<br><br>**ECHOMETRIX, INC., a corporation,**<br><br>Defendant. | Civ. No.<br>**CV 10 - 5516**<br>COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF<br><br>HURLEY, J.<br>LINDSAY, M.J. |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), by its undersigned attorneys, for its complaint alleges:

1. The FTC brings this action pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain a permanent injunction and other equitable relief for Defendant's acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b). This action arises under 15 U.S.C. § 45(a)(1).

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b)-(c) and 15 U.S.C. § 53(b).

## PARTIES

4. The FTC is an independent agency of the United States Government created by the FTC Act, 15 U.S.C. § 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.

5. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such other equitable relief as may be appropriate in each case. 15 U.S.C. § 53(b).

6. Defendant EchoMetrix, Inc. ("EchoMetrix" or "Defendant") is a Delaware corporation with its principal place of business at 6800 Jericho Turnpike, Suite 208E, Syosset, NY 11791. Defendant transacts or has transacted business in this district.

## COMMERCE

7. At all times material to this Complaint, EchoMetrix has maintained a course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANT'S COURSE OF CONDUCT

8. Since 2004, EchoMetrix has sold Sentry Parental Controls ("Sentry"), a software program that can monitor and record activity on a target computer, including web history, chat conversations, and password-protected instant message ("IM") conversations. EchoMetrix markets the product to parents as a means of monitoring their children's computer activities. Once Sentry is installed on a computer, it collects information from the target computer and stores it on EchoMetrix's servers, allowing purchasers to monitor and view recorded activity by logging into their Sentry account from any computer.

9. When purchasers register for Sentry online, they are asked to enter personal information such as name, mailing address, and email address, and must accept the terms in a scroll box containing a multipage End User License Agreement ("EULA"). Purchasers also must specify the age(s) and gender(s) of the child(ren) using the computer being monitored. Sentry's Total Family Protection service costs $3.99 per month.

10. In June 2009, EchoMetrix launched The Pulse ("Pulse"), a web-based market research

software program that EchoMetrix claimed aggregated, measured, and analyzed consumer opinion and sentiment from user-generated digital social media content (*i.e.*, forums, blogs, chats, and instant message (" IM") conversations). Pulse was advertised to marketers, advertisers, and product developers as a means of learning what consumers are saying or thinking "in their own words - at the moment they say it."

11.     Purchasers of Pulse could search EchoMetrix's database using various parameters and receive a report of what were purported to be excerpts from actual online IM conversations, chats, or forums on the Internet. Until November 2009, EchoMetrix also included information collected from children's online activity via the Sentry software, among other sources, in the Pulse database, although the information made available to Pulse users was purportedly anonymized or otherwise filtered to remove certain personally identifiable information.

12.     The only potential indication given to Sentry purchasers that information collected from online conversations by Sentry might be disclosed to third parties is the following vague statement in the Sentry EULA:

> [Sentry] uses information for the following general purposes: to customize the advertising and content you see, fulfill your requests for products and services, improve our services, contact you, conduct research, and provide anonymous reporting for internal and external clients.

To find this information on EchoMetrix's website, a purchaser must click on a "Support" tab on the website, then a "Policies" tab, then choose "Privacy Policy" or "Software EULA" (and scroll down to the Privacy Policy appended to the EULA). To find this information in the small scroll box described in Paragraph 9, a purchaser must scroll down approximately 30 paragraphs from the beginning of the EULA; the initially viewable area of the scroll box only shows about 9 lines

of text.

13. Purchasers who manage to find the EULA on the website can opt out of a "collection process" and from the company's mailing list by entering the login email address from their accounts. What the "collection process" entails, however, is not described.

14. EchoMetrix's website for Sentry, including EULAs and privacy policies, has failed to disclose adequately the existence of Pulse or that information monitored and collected by Sentry would be shared with third parties through Pulse. Thus, Sentry purchasers were unaware that their children's computer activity, obtained in connection with the operation of Sentry, were fed into a database being promoted to marketers.

## THE FEDERAL TRADE COMMISSION ACT

15. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits unfair or deceptive acts or practices in or affecting commerce. Misrepresentations or omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

## DECEPTIVE OMISSIONS IN VIOLATION OF THE FTC ACT

## COUNT ONE

16. In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of the Sentry Parental Controls software, EchoMetrix has represented, directly or indirectly, expressly or by implication, that the software would track all online activity on a computer, including instant message conversations, websites visited, and applications used by children using the computer.

17. In numerous instances in which EchoMetrix has made the representation set forth in Paragraph 16 of this Complaint, it failed to disclose adequately to consumers that information revealed by children in connection with online activity that was monitored by Sentry would be

disclosed to third-party marketers through Pulse. This additional information would have been material to consumers in deciding to purchase Sentry.

18. The failure to disclose adequately the material information set forth in Paragraph 17, in light of the representation described in Paragraph 16, above, constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## **CONSUMER INJURY AND THE COURT'S POWER TO GRANT RELIEF**

19. Consumers have suffered injury as a result of Defendant's violations of the FTC Act. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC.

## **PRAYER FOR INJUNCTIVE RELIEF**

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Court's own equitable powers, requests that the Court:

    a. Enter a permanent injunction to prevent future violations of the FTC Act by Defendant; and

b.   Award such additional equitable relief against Defendant for engaging in deceptive acts or practices, as the Court may determine to be just and proper.

Date:  November 24, 2010

Respectfully submitted,
WILLARD K. TOM
General Counsel

*Serena Viswanathan*
SERENA VISWANATHAN
Federal Trade Commission
600 Pennsylvania Avenue NW
Room NJ-3212
Washington, DC 20580
202-326-3244 (phone)
202-326-3259 (fax)
sviswanathan@ftc.gov

Attorneys for Plaintiff