FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★ NOV 30 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

Plaintiff,

vs.

ECHOMETRIX, INC., a corporation,

Defendant.

Civ. No. CV10- 5516

STIPULATED FINAL ORDER FOR
PERMANENT INJUNCTION AND
OTHER EQUITABLE RELIEF

HURLEY, J.
LINDSAY, M.J.

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed a Complaint for Permanent Injunction and Other Equitable Relief against Defendant EchoMetrix, Inc. ("Defendant"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), alleging that Defendant violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

The Commission and Defendant have stipulated to entry of the following Final Order for Permanent Injunction and Other Equitable Relief ("Order") in settlement of the Commission's allegations against it.

The Court, having been presented with this Order, finds as follows:

### FINDINGS

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over all parties. Venue in the Eastern District of New York is proper.

2. The acts and practices of Defendant are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

3. The Complaint states a claim upon which relief can be granted under Section 5(a) of the

FTC Act, 15 U.S.C. § 45(a), and the Commission has the authority to seek the relief it has requested.

4. Defendant waives all rights to seek appellate review or otherwise challenge or contest the validity of this Order. Defendant also waives any claim that it may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.

5. This Order reflects the negotiated agreement of the Commission and Defendant.

6. Defendant, by entering into this stipulation, does not admit any of the allegations set forth in the Complaint, other than jurisdictional facts.

7. This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law.

8. Nothing in this Order obviates the obligation of Defendant to comply with Section 5 of the FTC Act, 15 U.S.C. § 45.

9. The Commission's action against Defendant is an exercise of the Commission's police or regulatory power as a governmental unit.

10. The paragraphs of this Order shall be read as the necessary requirements for compliance and not as alternatives for compliance, and no paragraph serves to modify another paragraph unless expressly so stated.

11. Each party shall bear its own costs and attorneys' fees.

12. Entry of this Order is in the public interest.

13. The Plaintiff and Defendant, by and through their counsel, have agreed that entry of this Order resolves all matters in dispute between them arising from the facts and circumstances alleged in the complaint, up to the date of entry of this Order.

## DEFINITIONS

1. "Defendant" or "EchoMetrix" means EchoMetrix, Inc., and its successors and assigns.

2. "Sentry" shall mean the Sentry Parental Controls software program, or any other similar software program marketed or sold by Defendant that can monitor and/or record activity on a computer.

3. "Collected Information" shall mean any information or data collected by and transmitted from Sentry, from a computer on which Sentry is installed to any computer server owned by, operated by, or operated for the benefit of, Defendant.

4. "Commerce" means as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. "Computer" shall mean any desktop or laptop computer, handheld device, telephone, or other electronic product or device that has a platform on which to download, install, or run any software program, code, script, or other content.

6. "Personnel Necessary to Support Sentry" shall mean only those persons, whether employed by EchoMetrix or a third party, who require access to Collected Information to maintain the technical functioning of Sentry and who use the Collected Information solely for that purpose.

7. "Registered Sentry User" shall mean a purchaser of Sentry, who is authorized (via login and password) to access Collected Information from a specific account or accounts.

8. "Pulse" shall mean The Pulse service, or any substantially similar service marketed by Defendant that aggregates, collects, measures, or analyzes data from user-generated digital content (including but not limited to Internet forums, message boards, chats, blogs, and instant message conversations) for use by third parties.

9. The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively as necessary, to make the applicable sentence or phrase inclusive rather than exclusive.

10. The term "including" in this Order means "including without limitation."

## I.

## BAN ON USE OF INFORMATION FROM SENTRY

IT IS HEREBY ORDERED that Defendant, operating directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and its officers, agents, servants, employees and attorneys, and all other persons who are in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, are hereby permanently enjoined and restrained from disclosing Collected Information to anyone other than Personnel Necessary to Support Sentry or a Registered Sentry User for the sole purpose of accessing that user's account.

## II.

## DESTRUCTION OF COLLECTED INFORMATION

IT IS FURTHER ORDERED that Defendant, operating directly or through any corporation, partnership, subsidiary, division, trade name, or other device, shall, no later than five (5) days after the date of entry of this Order, destroy any Collected Information that was transferred to or is available in any database or server used by Pulse, *provided, however*, that Collected Information on a database or server that is only available to Registered Sentry Users need not be destroyed.

## III.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this

Case 2:10-cv-05516-DRH-ARL   Document 1-2   Filed 11/30/10   Page 5 of 10

Order may be monitored:

A.  For a period of four (4) years from the date of entry of this Order, Defendant shall notify the Commission of any changes in its structure or any business entity that Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any such change in the business entity about which Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.  Sixty (60) days after the date of entry of this Order, and annually thereafter for a period of four (4) years, Defendant shall provide a written report to the Commission, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

　　1.  A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

　　2.  Any other changes required to be reported under Subsection A of this Section.

C.  Defendant shall notify the Commission of the filing of a bankruptcy petition by such Defendant within fifteen (15) days of filing.

D.  For purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier (not the U.S. Postal Service)

all reports and notifications to the Commission that are required by this Order to:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W.
> Washington, D.C. 20580
> Attn: *FTC v. EchoMetrix, Inc.*

*Provided* that, in lieu of an overnight courier, Defendant may send such reports or notifications by first-class mail, but only if Defendant contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

E.  For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendant.

## IV.

## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.  Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control to inspect the business operation;

B.  In addition, the Commission is authorized to use all other lawful means, including but not limited to:

> 1. Obtaining discovery from any person, without further leave of court, using the procedures described in Fed. R. Civ. P. 30, 31, 33, 34, 36, 45, and 69; and

    2.    Having its representatives pose as consumers and suppliers to Defendant, its employees, or any other entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice.

C.    Defendant shall permit representatives of the Commission to interview any officer, director, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided, however*, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## V.

## RECORD-KEEPING REQUIREMENTS

IT IS FURTHER ORDERED that, for a period of seven (7) years from the date of entry of this Order, Defendant and its agents, employees, officers, corporations, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A.    Accounting records that reflect the revenues generated by sale of Sentry and Pulse, and the disbursement of such revenues;

B.    Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor,

-7-

who is involved in the advertising, marketing, promotion, offering for sale, sale, or distribution of Sentry or Pulse; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Customer files containing the names, addresses, phone numbers, dollar amounts paid, and description of product purchased, for each purchaser of Sentry and of Pulse, to the extent such information is obtained in the ordinary course of business;

D. Complaints and refund requests (whether received directly or indirectly, such as through a third party), including, but not limited to, reports of disclosure of personal information claimed to be associated with the use of Sentry or Pulse, and any responses to those complaints or requests;

E. Copies of all advertisements, promotional materials, sales scripts, training materials, websites, end-user license agreements, frequently asked questions, privacy policies, and similar documents relating to Defendant's dissemination of Sentry; and

F. All records and documents necessary to demonstrate full compliance with each provision of this Order, including, but not limited to, copies of acknowledgments of receipt of this Order, required by the Section titled "Distribution of Order" and the Section titled "Acknowledgment of Receipt of Order," and all reports submitted to the Commission pursuant to the Section of this Order titled "Compliance Reporting."

## VI.

## DISTRIBUTION OF ORDER

IT IS FURTHER ORDERED that, for a period of four (4) years from the date of entry of this Order, Defendant shall deliver copies of this Order as directed below:

A. Defendant shall deliver a copy of this Order to: (1) all of its principals, officers, directors,

-8-

Case 2:10-cv-05516-DRH-ARL Document 1-2 Filed 11/30/10 Page 9 of 10

and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure set forth in Subsection A of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to their assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.  Defendant must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## VII.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

IT IS FURTHER ORDERED that Defendant, within five (5) business days of receipt of this Order as entered by the Court, shall submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## VIII.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO STIPULATED AND AGREED TO BY:

_____
PETER CHARLES, as Principal Executive
Officer, on behalf of ECHOMETRIX, INC.

_____
RANDY S. ZELIN, ESQ.
675 Old Country Road
Westbury, New York 11590
Attorney for Defendant
ECHOMETRIX, INC.

Date signed: 10/1/2010

_____
SERENA VISWANATHAN
600 Pennsylvania Avenue NW
Room NJ-3212
Washington, DC 20580
Attorney for Plaintiff
FEDERAL TRADE COMMISSION

Date signed: November 24, 2010

IT IS SO ORDERED this __1__ day of __December__, 2010.

_____
UNITED STATES DISTRICT JUDGE